UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE DAVID SOK

Case No. 24-mc-51216

Hon. Sean F. Cox
United States District Court Judge

_____/

**<u>MEMORANDUM ORDER GRANTING GOVERNMENT'S MOTION TO HOLD DAVID SOK IN CONTEMPT OF COURT (ECF No. 2) AND FINDING DAVID SOK GUILTY OF CRIMINAL CONTEMPT OF COURT</u>**

This Court subpoenaed David Sok to testify at trial in the criminal case of *United States v. Khaophone Sychantha*, No. 05-cr-81165. Sok refused to comply with that subpoena and the Court warned him on that he risked contempt. On October 17, 2024, Sok violated this Court's order to testify. The Court finds him guilty of criminal contempt.

## BACKGROUND

On September 13, 2024, the Court, on application of the Government, issued a subpoena *ad testificandum* for David Sok in the criminal trial of Khaophone Sychantha, Case No. 05-cr-81165. That trial began on October 10, 2024. The Government later came to believe that Sok would assert the privilege against self-incrimination at Sychantha's trial, so it applied for an order under 18 U.S.C. § 6003 immunizing Sok for his testimony on October 15, 2024.

The Government submitted a proposed immunity order along with their application under § 6003. The Court granted the Government's application and entered the Government's proposed order on October 15, 2024. That order stated that "it is hereby ORDERED, pursuant to § 6002, that David Sok give testimony and provide other information, which he refuses to give or

1

provide on the basis of his privilege against self-incrimination, at the trial in this case and in any further proceedings ancillary thereto." (ECF No. 1, PageID.2).  Sok was represented by attorney Craig Daly.

On October 16, 2024, the Government moved the Court to hold Sok in contempt should he refuse to testify at the Sychantha trial based on his privilege against self-incrimination.  For his part, Sok moved the Court through counsel to quash the Court's immunity order, also on October 16.  As relevant here, Sok argued that a finding of criminal contempt for his assertion of his privilege against self-incrimination would violate a proffer agreement that he had signed with the Government.

The Court then held a hearing on the Government's and Sok's motions on October 16, 2024.  Sok appeared at that hearing and was represented by his counsel.  Sok was sworn and testified that he would *not* refuse to testify based on his privilege against self-incrimination; rather, he would refuse to testify because he feared for his and his family's safety.

The Court issued an order addressing the Government's motion for a contempt finding and Sok's motion to quash on October 16, 2024.  In that order, the Court explained that the Court's immunity order was not subject to quashal because it did not compel Sok to testify; the subpoena did.  The Court also explained that if Sok feared for his safety, then he should have moved to quash the subpoena or moved to testify under seal.  The Court also ruled that it would hold the Government's contempt motion in abeyance to permit Sok to remedy his recalcitrance.

Sok next appeared before the Court on October 17, 2024, and he was again represented by counsel.  Sok acknowledged that he was under subpoena but reiterated that he would refuse to testify.  Sok also argued that holding him in criminal contempt for refusing to testify would violate a proffer agreement he signed with the Government and the Double Jeopardy Clause.

2

Sok additionally argued that compelling his testimony would violate his right to be free from compelled self-incrimination because his testimony might subject him to prosecution by the State of Michigan or Canada.

The Court rejected Sok's arguments and found him in criminal contempt. 18 U.S.C. § 401(3). This order further explains the Court's reasoning and "recite[s] the facts" pursuant to Federal Rule of Criminal Procedure 42(b).

## ANALYSIS

Sok challenged the Court's summary criminal contempt finding on three grounds, none of which are persuasive. *First*, Sok argued that a contempt finding would violate his proffer agreement with the Government. In Sok's view, he proffered evidence to the Government pursuant to that agreement, and that agreement states that the Government cannot prosecute him for the evidence he proffered. Sok contended that the Government now effectively seeks a criminal punishment based on that evidence in violation of his proffer agreement.

As the Court explained in its order denying Sok's motion to quash, the Government does not seek to punish him for criminal conduct that he admitted during his proffer session. Rather, the Government seeks a sanction for Sok's refusal to testify about that criminal conduct in contempt of the Court's subpoena. Thus, the Court's finding of criminal contempt did not violate Sok's proffer agreement.

*Second*, Sok contended that a finding of criminal contempt would violate the Double Jeopardy Clause. But "[t]he Double Jeopardy Clause 'protects against multiple punishments for the same offense.'" *United States v. Ehle*, 640 F.3d 689, 694 (6th Cir. 2011) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). Here, Sok has never been held in criminal contempt for his refusal to comply with the subpoena at issue. So Sok's double jeopardy challenge failed.

*Third*, Sok averred that he held a testimonial privilege under the Self-Incrimination Clause because the State of Michigan and Canada could have prosecuted him for his testimony. But immunity granted under §§ 6002 and 6003 "is coextensive with the scope of the privilege against self-incrimination," *Kastigar v. United States*, 406 U.S. 441, 453 (1972), and "the Fifth Amendment privilege against self-incrimination protects a federal witness from incrimination under state as well as federal law," *United States v. Damiano*, 579 F.2d 1001, 1003 (6th Cir. 1978). So Sok's fear of state prosecution was unfounded and did not excuse his contempt.

With respect to Sok's fear of prosecution by Canada, "concern with foreign prosecution is beyond the scope of the Self-Incrimination Clause." *United States v. Balsys*, 524 U.S. 666, 669 (1998). In other words, the Fifth Amendment confers no privilege not to testify out of fear of prosecution by a foreign country.

In sum, Sok had no lawful reason to refuse the Court's subpoena.

## CONCLUSION & ORDER

Sok defied the Court's subpoena, and his justifications for doing so do not excuse his contempt. Accordingly, **IT IS ORDERED** that the Court **GRANTS** the Government's Motion to Hold Compelled Witness David Sok in Contempt Should He Refuse to Testify (ECF No. 2) is **GRANTED** to the extent that it seeks a finding that Sok is in criminal contempt of court. That motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that David Sok is **GUILTY** of criminal contempt in violation of 18 U.S.C. § 401(3). A sentencing hearing will be scheduled.

**IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: October 18, 2024